Kenneth R. HULETT, Petitioner,

v.

Maurice H. SIGLER, Warden,
Respondent.

Civ. No. 810L.

United States District Court
D. Nebraska.

March 30, 1965.

Donald E. Parker, Omaha, Neb., for petitioner.

Homer G. Hamilton, Asst. Atty. Gen., Lincoln, Neb., for respondent.

VAN PELT, District Judge.

The discretion vested in a prosecuting attorney in filing habitual criminal charges is without doubt an awesome weapon in the hands of law enforcement officials. Once more the use and/or non-use of the Nebraska recidivist statute brings before this court in a habeas corpus proceeding the question of whether a plea of guilty was coerced. Kenneth Hulett, an inmate in the Nebraska Penal and Correctional Complex, has invoked the jurisdiction of this court to consider the legality of his detention. Petitioner was convicted of burglary on his own plea, the voluntary nature of which forms the controverted issue which must now be decided. During all critical stages of his prosecution Hulett was represented by counsel of his own choosing. Peripherally however, the effective assistance of counsel is also an issue raised by this application.

This court has appointed counsel to aid petitioner in this proceeding and a hearing was held wherein evidence both in support of and in contravention to petitioner's claims was adduced. The case was submitted on briefs, and counsel for both parties having fulfilled their obligations in an effectual manner, it is the duty of the court to resolve the controversy.

The nexus of petitioner's assertions concern illegal and improper use of the habitual criminal statute by the prosecuting attorney. Hulett claims that he was openly and directly threatened that unless he pleaded guilty to the burglary charge habitual charges would be filed against him. And although the evidence as elicited from the various witnesses failed to establish any direct threats or coercive statements on the part of the prosecuting attorney, the court is directly confronted with a question undoubtedly plaguing all judges—both state and federal—who are called upon to hear

and determine collateral attacks upon judgments of conviction. Under what circumstances is a plea of guilty deemed constitutionally involuntary where the defendant is represented by counsel and where his attorney and the prosecuting attorney deal or bargain to exchange a plea of guilty for dismissal of charges under a recidivist statute? The breadth of the question as stated will be curtailed, for consideration will be given only to the precise facts involved.

Hulett, a five felony offender, was arrested on or about January 24, 1964 by Omaha police officers. He was released on bond the following day. A preliminary hearing was held on February 13, 1964, and at the conclusion of the evidence it was determined that probable cause existed to believe that a crime had been committed and that the defendant was the perpetrating party, and petitioner herein was bound over to district court. Hulett was represented by his attorney during these proceedings.

In addition to alleged threats by the prosecuting attorney, which the court specifically finds to have been non-existent, petitioner asserts there was improper and coercive use made of an habitual criminal charge, invalidating what in all other respects is a voluntary plea of guilty. It is clear from the evidence that petitioner was advised by his attorney that the evidence against him was at least preponderant. Hulett himself testified that he was told that he didn't stand a chance if the evidence at the trial was the same as that produced by the state at the preliminary hearing. It would also appear that petitioner's attorney actively participated in negotiations with the prosecuting attorney to dismiss the habitual criminal charge in exchange for a plea of guilty. Just how far these negotiations went, who the active participants were and the extent of participation is an area of some dispute. The court has heard the evidence and finds the facts as hereinafter related.

Subsequent to preliminary hearing where Hulett entered a plea of not guilty the information was amended to include an habitual criminal count. That the statute itself was applicable to petitioner is without dispute. Learning of this change petitioner's attorney conferred with the prosecuting attorney about the possibility of dropping the recidivist charge if a guilty plea were entered to the burglary count. This initial conversation took place on the morning petitioner's trial was scheduled to commence, March 9, 1964.

The prosecuting attorney indicated his willingness to accede to the proposal, whereupon a conference was held in the chambers of the presiding judge. There is some confusion as to whether the deputy county attorney was present at this meeting, but in all likelihood he was present, and the court so finds. The proposition of withdrawing the habitual criminal charge in exchange for the guilty plea was presented to the judge, and he at least tacitly assented. When the matter of sentencing was brought into the conversation petitioner's counsel expressed a desire for a three year sentence, but it is clear that no promises or commitments were made in this regard either by the presiding judge or the deputy county attorney. At this point, which was prior to the arraignment and acceptance of a plea of guilty, the judge suggested that the probation officer be contacted. After an additional conference between the presiding judge and the probation officer Hulett's counsel was informed by the probation officer that the sentence would probably run in the neighborhood of five years. This information was conveyed to petitioner, although he was specifically admonished that no promises or assurances could be made, and that neither his attorney, nor the deputy county attorney nor the probation officer could speak for the judge. Petitioner apparently agreed to the proposal, for a guilty plea was entered and accepted by the court. Also accepted by the court was the prosecuting attorney's recommendation that the habitual criminal charge be dropped.

Petitioner attempts to find his solace in this court's determination in Shupe v.

Sigler, 230 F.Supp. 601 (1964), and to that extent relies considerably on that decision. Though certain'y not inapposite, the ultimate ruling therein is not determinative in the instant situation. In Shupe the court concluded

"that for a prosecuting attorney to talk with the defendant in the absence of his counsel and attempt to have him change a plea of not guilty to a plea of guilty and in the absence of counsel to reach an agreement as to the length of his sentence, whether made with or without authority of the court, is to deprive the defendant of the effective assistance of counsel at a time when it was needed."

Hulett, however, was at all times represented by counsel, and all bargaining was done at the behest and with the concurrence of his attorney. Indeed, during all critical stages of the proceeding petitioner was represented by counsel.

And, as regards the question of a coerced plea, the Shupe decision is perceptively different, for here there were no conversations with petitioner in the absence of his counsel; there was no endeavor to persuade petitioner he should plead guilty and save the prosecutor the trouble of trial; and there was no bargaining in the absence of counsel as to the sentence to be imposed. Shupe v. Sigler, supra at 605. Contrariwise, we find here a situation where the prosecutor never conversed with petitioner and there was no endeavor to dissuade petitioner from contesting the charges filed against him. As emphasized before, all bartering was by and through Hulett's attorney.

██ Rather than Shupe, the court feels the present determination is more properly guided by a recent decision of the Ninth Circuit. In Cortez v. United States, 337 F.2d 699 (9 Cir. 1964), which was a motion for vacation of sentence pursuant to 28 U.S.C. § 2255, the movant's contention was that his plea of guilty was coerced because of a "deal" between the United States Attorney and his counsel to exchange his plea for reduced charges against his wife. Cor-

tez's position was rejected with the observation that such rationale would vitiate all guilty pleas entered as a result of a bargain. Instead, the more proper inquiry is whether the inducement for the guilty plea was one which necessarily overcame the defendant's ability to make a voluntary decision. Cortez v. United States, supra, at 701. The court went on to observe:

"We take judicial notice of the fact that the vast majority of those who are indicted for federal crimes plead guilty. We know, too, that in many of the cases where this occurs the plea will be to one count, or less than all counts, of a multi-count indictment, or to a lesser offense than that originally charged. In a sense, it can be said that most guilty pleas are the result of a 'bargain' with the prosecutor. But this, standing alone, does not vitiate such pleas. A guilty defendant must always weigh the possibility of his conviction on all counts, and the possibility of his getting the maximum sentence, against the possibility that he can plead to fewer, or lesser, offenses, and perhaps receive a lighter sentence. The latter possibility exists if he pleads guilty, as Cortez did, to the whole charge against him."

And after emphasizing that a lawyer who did not explore the possibility of a reduced charge in exchange for a plea of guilty, so long as he fully advises his client of his rights, would be derelict in his duty, the court concluded:

"The important thing is not that there shall be no 'deal' or 'bargain', but that the plea shall be a genuine one, by a defendant who is guilty; one who understands his situation, his rights, and the consequences of the plea, and is neither deceived nor coerced."

At least one court has taken the position, and quite properly so it would seem, that the use or nonuse of a recidivist charge is in a somewhat distinct category. McClure v. Boles, 233 F.Supp. 928 (N.D.W.Va.1964). The severity of sen-

tence itself may militate a defendant to enter a guilty plea rather than take his chances with a jury and possibly face the onerous term of imprisonment which must then necessarily befall.

Nevertheless, in this instance it is clear to the court that Hulett's plea of guilty was not a compromise with justice. Through his attorney he was acting knowingly and intelligently, and the ultimate decision to plead guilty was neither the product of deception nor coercion.

Summary disposition can be made of petitioner's remaining contentions. Although Hulett has made it abundantly clear that he was dissatisfied with his counsel, the court can find no basis in fact for such assertions. The aspersions cast by petitioner are unfounded. Consequently, lengthy discussion by the court would add nothing, either to this opinion or to petitioner's position.

Petitioner has also asserted that he was the victim of an illegal and unconstitutional search and seizure, and that as a product of this action certain incriminating evidence was obtained by the police. The court has grave doubts about the correctness of petitioner's theory, but rather than pass directly on the point it is sufficient to disregard these allegations as being matters of defense waived by the plea of guilty heretofore determined to have been voluntary and uncoerced. That claims of alleged illegal arrest, search and seizure are not grounds for habeas corpus where the prisoner has pleaded guilty is a principle soundly established and adhered to by this court. See e. g. United States ex rel. Vaughn v. LaVallee, 318 F.2d 499 (2 Cir. 1963); Alden v. State of Montana. 234 F.Supp. 661 (D.Mont.1964); United States ex rel. Hazen v. Maroney, 217 F.Supp. 328 (W.D.Pa.1963).

The court gratefully acknowledges the services rendered by petitioner's court-appointed counsel, Donald E. Parker, who served willingly without pay or remuneration.

For the reasons herein set forth,

It is ordered by the Court that the petition for writ of habeas corpus filed by Kenneth R. Hulett be and the same is hereby denied.