**George Calvin FORD, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 68 C 481(2).**

United States District Court
E. D. Missouri, E. D.

Jan. 7, 1969.

George Calvin Ford, pro se.

Veryl L. Riddle, U. S. Atty., James Gordon, Asst. U. S. Atty., St. Louis, Mo., for respondent.

· MEMORANDUM

MEREDITH, District Judge.

This matter is pending on motion of the petitioner under 28 U.S.C. § 2255 to withdraw his plea of guilty made on January 27, 1967, on the grounds that the plea was the result of coercion and intimidation. He further asks that the Court appoint an attorney in his behalf and an evidentiary hearing be held. He contends that he was held in the Butler County, Missouri, jail without bail and without counsel from the 12th day of September to the 21st day of September, 1966. He alleges that on the 21st day of September, 1966, he was taken before a magistrate for a preliminary hearing and on the 3rd day of October, 1966, counsel was appointed by the court for the petitioner. He states that on the 11th day of January, 1967, he was informed by the state authorities that they would drop the charges if he would enter a plea of guilty to a federal charge of bank robbery. In addition, he states that unless he agreed to do so, he would be charged under the habitual criminal statutes and receive a life sentence in the Missouri penitentiary.

Assuming all of these facts to be true, the examination of the record before this Court shows that counsel was appointed for the defendant on January 20, 1967, and on January 27th, he entered a plea of guilty to taking money by force from the person of M. Gene Shain, which money belonged to the State Bank of Fisk, in Butler County, Missouri, in violation of 18 U.S.C. § 2113(a) and (d). Petitioner was sentenced to 15 years in the custody of the Attorney General and the stenographic records of the hearing show that he was advised of his maximum sentence, that he stated it was a voluntary plea, that no threats or promises had been made to him. He further stated that the shotgun which he was carrying in the bank went off accidentally and shot the cashier in the leg. His

extensive criminal record was gone into thoroughly and he admitted it was correct.

■ A plea of guilty is void "if induced by promises or threats which deprive it of the character of a voluntary act * * *." Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L. Ed.2d 473 (1962). The Courts are particularly careful to ascertain that a guilty plea is made voluntarily with proper advice and understanding of the consequences which will result therefrom because a plea of guilty is itself a conviction. See Machibroda v. United States, supra. Rule 11, F.R.Cr.P., requires that the Court not accept a plea of guilty without first ascertaining that the defendant made the plea voluntarily and with understanding of the nature of the charge and the consequences of the plea.

■ The petitioner alleges that his plea was involuntary and the result of coercion and intimidation because he was held in jail in Butler County, Missouri, without bail and without counsel from September 12, 1966, to September 21, 1966, and because he was told that unless he agreed to plead guilty to a federal charge of bank robbery, he would be charged under the Missouri state habitual criminal statutes and receive a life sentence in the Missouri penitentiary. Plea bargaining in and of itself does not make a plea of guilty involuntary or void. See United States ex rel. Rosa v. Follette, 395 F.2d 721 (2d Cir. 1968), and Brown v. Beto, 377 F.2d 950 (5th Cir. 1967). The record in this case contains a letter from the petitioner received by this Court in February of 1968. It shows that the petitioner was advised by counsel to plead to the federal charge rather than face prosecution under the state habitual criminal statutes. The record shows that the decision to plead guilty to the federal charge was a calculated move on the part of the petitioner to avoid what he considered a worse fate. This Court made certain that the defendant was aware of the consequence of his plea of guilty before accepting it. Even if the defendant was deprived of due process by the detention by state authorities from September 12, 1966, to September 21, 1966, that would not render his plea of guilty entered in the Federal Court on January 27, 1967, involuntary under the circumstances in this matter.

Under all of these circumstances, the Court is of the opinion that the petitioner has not stated sufficient grounds to permit him to withdraw his plea of guilty. Accordingly, an order will be entered permitting him to file the motion in forma pauperis and dismissing the same.