**RHODES REFRIGERATION, INC.,
a corporation, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 23685.

United States Court of Appeals,
Ninth Circuit.

Dec. 10, 1970.

George M. Joseph (argued), of Morrison & Bailey, Portland, Or., for appellant.

Wm. L. Goldman (argued), Atty. Tax Div., Sidney I. Lezak, U. S. Atty., Jack Wong, Asst. U. S. Atty., Portland, Or., Johnnie M. Walters, Mitchell Rogovin, Asst. Attys. Gen., Lee A. Jackson, Chief, Appellate Section, Washington, D. C., for appellee.

Before HAMLEY and WRIGHT, Circuit Judges, and LINDBERG, District Judge.*

PER CURIAM:

Rhodes Refrigeration, Inc. (Rhodes) paid for the period April 1, 1960 to March 31, 1964, $18,738.50 for excise taxes under section 4111 of the Internal Revenue Code of 1954, 68A Stat. 485. Rhodes sued in the district court under 28 U.S.C. § 1346(a) (1) to recover its payment plus interest and the Government counterclaimed for $63,432.22 of unpaid federal excise taxes plus interest which it claimed were still owing under section 4111. The district court, sitting without a jury, dismissed Rhodes' claim and found for the Government on its counterclaim, entering judgment for $62,-213.80, plus interest, an amount stipulated by the parties. Rhodes appeals. This court has jurisdiction under 28 U.S.C. § 1291.

* The Honorable William J. Lindberg, United States District Judge for the Western District of Washington, sitting by designation.

Section 4111 of the Internal Revenue Code of 1954[1] imposed a manufacturers' excise tax at a rate of five percent on, among other articles, "Household type units for the quick freezing or frozen storage of foods operated by electricity, gas, kerosene, or gasoline." The definition of "household type units for quick freezing or frozen storage of foods" for the purposes of section 4111 is set out in 26 C.F.R. § 48.4111–2(b):

"The term 'household type units for the quick freezing or frozen storage of foods' includes units solely for the quick freezing of foods or solely for the storage of frozen foods or combinations thereof which—

(1) Have an actual, practical, commercial fitness, or are specifically designed and constructed, for household use, and

(2) Are operated by electricity, gas, kerosene, or gasoline."

The Commissioner of Internal Revenue determined that the refrigerators here in question are "(h)ousehold type units" because they have "an actual, practical, commercial fitness" for household use, thus applying one of the alternative standards set out in 26 C.F.R. § 48.4111–2(b) (1). Rhodes argues that this part of the regulation goes beyond the scope of the revenue statute in its definition of household type freezers and is therefore invalid. We do not agree and affirm the decision of the district court.

The Secretary of the Treasury or his delegate, the Commissioner of Internal Revenue, is authorized by the Internal Revenue Code of 1954 to promulgate rules and regulations for the enforcement of the Code. 26 U.S.C. § 7805. Such regulations "must be sustained unless unreasonable and plainly inconsistent with the revenue statutes * * *." Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U.S. 496, 501, 68 S.Ct. 695, 698, 92 L.Ed. 831 (1948). "The role of the judiciary in cases of this sort begins and ends with assuring that the Commissioner's regulations fall within his authority to implement the congressional mandate in some reasonable manner." United States v. Correll, 389 U.S. 299, 307, 88 S.Ct. 445, 450, 19 L.Ed.2d 537 (1967). See also, Feldman v. Wood, 335 F.2d 264, 266 (9th Cir. 1964).

The regulatory definition referred to above comports with the ordinary understanding of "household type." The Fifth Circuit in Whirlwind Manufacturing Co. v. United States, 344 F.2d 153 (5th Cir. 1965) upheld an identical definition of household type. Electric belt-driven fans were taxable if "of the household type" under section 4121 of the 1954 Code. In 26 C.F.R. § 48.4121–2(a), the definition given was articles "which have an actual, practical, commercial fitness, or are specifically designed and constructed, for household use." The court said:

"If the article is either actually fit for household use as a practical matter or, in the alternative, if it is specifically designed and constructed for that use, then it is an 'article of the household type.' It could hardly be better defined." Id. at 156.

Rhodes contends that the fitness concept in the regulation makes taxation hinge on the ultimate user of the product, requiring the manufacturer to follow the product to the ultimate consumer to determine its tax liability. This result, Rhodes claims, is forbidden by the legislative history and the intent of the revenue act.

We do not reach this contention as we do not view the regulation as turning on the identity of the ultimate consumer in such a drastic fashion. "Actual, practical, commercial fitness * * * for household use" is a conclusion to be based upon a variety of facts, including, but not limited to, the likely identity of the ultimate consumer. The district court in this case based its conclusion as to fitness not only on the actual ultimate use of the freezers in homes, but also upon

1. Congress repealed this section of the statute effective June 22, 1965, Pub.L. 89–44, Title II, § 203, June 21, 1965, 79 Stat. 139.

**1282**

the selling and advertising techniques of Rhodes and upon all the evidence which it heard as to construction and design.

 The standard may not be as certain or predictable as the taxpayer would wish, but "[i]n this area of limitless factual variations, 'it is the province of Congress and the Commissioner, not the courts, to make the appropriate adjustments.'" United States v. Correll, 389 U.S. 299, 307, 88 S.Ct. 445, 450, 19 L.Ed. 2d 537 (1967). The regulation is not unreasonable or plainly inconsistent with the revenue statute under which it was promulgated.

Affirmed.