McMARTIN INDUSTRIES, INC.,
Plaintiff-Appellee,

v.

Richard P. VINAL, District Director of
Internal Revenue, Defendant-Appellant,

and

United States of America, Intervenor-
Appellant.

No. 20086.

United States Court of Appeals,
Eighth Circuit.

April 26, 1971.

John R. Barton, Crossman, Barton &
Norris, Omaha, Neb., Laurens Williams,
Kenneth H. Liles, Sutherland, Asbill &
Brennan, Washington, D. C., for appel-
lee.

Johnnie M. Walters, Asst. Atty. Gen.,
Lee A. Jackson, Elmer J. Kelsey, Stephen
H. Hutzelman, Attys., Dept. of Justice,
Washington, D. C., for appellants, Rich-
ard A. Dier, U. S. Atty., William K.
Schaphorst, Asst. U. S. Atty., of counsel.

Before MATTHES, Chief Judge,
HEANEY, Circuit Judge, and VAN
PELT, Senior District Judge.

HEANEY, Circuit Judge.

The sole question on this appeal is
whether Subsidiary Communications Au-
thorization multiplex radio receivers,
manufactured by McMartin, were sub-
ject to the ten percent manufacturers'
excise tax imposed on radio receiving sets
by 26 U.S.C. § 4141 (1964 ed.).[1]   The

1. "SEC. 4141.   IMPOSITION OF TAX.

"There is hereby imposed upon the sale
by the manufacturer, producer, or im-
porter of the following articles (includ-
ing in each case parts or accessories
therefor sold on or in connection with
the sale thereof), a tax equivalent to 10
percent of the price for which so sold:

"Radio receiving sets.
"Automobile radio receiving sets.
"Television receiving sets.
"Automobile television receiving sets.
"Phonographs.
"Combinations of any of the foregoing.
"Radio and television components.
"Phonograph records."

trial court held that the S.C.A. receivers were exempt from the tax as communication equipment of the type used in commercial installations under 26 U.S.C. § 4143 (1964 ed.).[2] We agree with the trial court for the reasons stated in its opinion. McMartin Industries v. Vinal, 301 F.Supp. 749 (D.Neb.1969).

The government vigorously urges on appeal that the trial court's decision is inconsistent with the applicable Treasury Regulation which provides:

" § 48.4143–1 *Exemption of communication, etc., equipment.*

"(a) *Radio and television receiving sets, etc.* The tax imposed by section 4141 shall not apply to radio * * * receiving sets, * * * which are designed and manufactured for use primarily as communication, detection, or navigation equipment and are of the type used in commercial, military, or marine installations. The following articles are illustrative of the type of articles which are exempt under this section:

"(1) Radar equipment,

"(2) Sonar equipment,

"(3) Receivers for use in connection with ship-to-ship and ship-to-shore equipment, and

"(4) Radio direction finding equipment."

26 C.F.R. § 48.4143–1.

The government also argues that the decision is contrary to Rev. Rul. 64–338, 1964–2 Cum. Bull. 426, which provides:

"Advice has been requested whether the manufacturers excise tax imposed by section 4141 of the Internal Revenue Code of 1954 on 'radio receiving sets' * * * applies to the manufacturer's sales of the background music equipment described below:

"A company manufactures and sells frequency modulation (FM) multiplex radio 'receivers' and 'tuners' which are designed, constructed, and sold for use in commercial and industrial establishments to provide background music.

" * * * These articles are never installed in homes.

"Since the receivers and tuners are designed and used for the purpose set forth above, the question is whether these articles are exempt from the manufacturers excise tax, under the provisions of section 4143 of the Code, as communication equipment of the type used in commercial installations.

\*      \*      \*      \*      \*      \*

"The described receivers and tuners are designed to receive radio programs which are broadcast for the pleasure of listeners, whereas the communication equipment contemplated by section 4143 of the Code is designed primarily for use in the reception of voice or code messages as illustrated in the excise tax regulations. The fact that the articles involved in this ruling are designed, constructed, and sold for use in commercial and industrial establishments is not sufficient to bring them within the scope of the exemption provided by section 4143 of the Code for communication type equipment."

■ The government made the same contentions below and the trial court dealt with them in its memorandum. The trial court correctly noted that the regulation must be sustained unless unreasonable and plainly inconsistent with the revenue statutes, see, Commissioner of Internal Revenue v. South Tex-

---

Sections 4141–4143, 26 U.S.C. (1964 ed.) were repealed on June 21, 1965. Pub.L. 89–44, Title II, § 204, 79 Stat. 140.

2.  "SEC. 4143.  EXEMPTION FOR COMMUNICATION, ETC., EQUIPMENT.
    "(a) IN GENERAL.—Except in the case of radio and television components

and phonograph records, the tax imposed by section 4141 shall not apply to communication, detection, or navigation equipment of the type used in commercial, military, or marine installations."

as Lumber Co., 333 U.S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831 (1948); Harper Oil Company v. United States, 425 F.2d 1335, 1343 (10th Cir. 1970), and that the court's role in cases of this sort begins and ends with assuring that the Commissioner's regulations fall within his authority to implement the congressional mandate in some reasonable manner. See, United States v. Correll, 389 U.S. 299, 307, 88 S.Ct. 445, 19 L.Ed.2d 537 (1967); Rhodes Refrigeration, Inc. v. United States, 435 F.2d 1280 (9th Cir. 1970). It also noted that Revenue Rulings are entitled to weight in the interpretative process. See, United States v. Hall, 398 F.2d 383, 387 (8th Cir. 1968). But it found that the regulation could not be given effect because it unduly limited the exemption granted by Congress, and that the Revenue Ruling was without basis in fact or law. It reached its conclusions by carefully examining the language and the legislative history of sections 4141 and 4143(a).

■ We find nothing in the government's brief which convinces us that the trial court reached an improper conclusion. We are unimpressed with the government's argument that the term "communications equipment," used in its ordinary and natural sense. refers only to equipment which can be used for a two-way exchange of verbal and code messages. If Congress had intended to limit communications equipment to two-way equipment, it could have said so. Furthermore, the dictionary definition of communication extends to the transmission of ideas in speech or writing or through the arts, Webster's Seventh New Collegiate Dictionary (1965 ed.), and thus is far broader than the limited definition the government would impose upon that term.

Nor are we impressed with the government's argument that the legislative history of the act supports its interpretation. Initially, only parts for radio receiving sets were taxed. In 1941, the law was amended to tax completed sets as well as the component parts. In 1951, an exemption from the tax was provided with respect to the sale, to the United States Government for its exclusive use, of communications equipment of the type used in commercial installations. In 1955, the exemption was changed to provide that the tax on radio receiving sets would apply only to articles of the entertainment type. Treasury Regulation 40.-4141–1(c) stated that radio receiving sets were to be considered of the entertainment type when the circuitry of the set was such that the set could receive radio transmissions on standard AM or FM broadcast frequencies. In 1958, the act was again restructured into the form that existed during the years in question. This amendment removed the limitation imposing the tax only upon radio receivers of the entertainment type and created an exemption for communications equipment of the type used in commercial installations. The purpose of this change was expressed in S. Rep. No. 2090, 85th Cong., 2d Sess., p. 20 (1958–3 Cum. Bull. 584, 603):

"As previously indicated, the tax on receivers at one time (prior to September 1955) was not applicable to those sold to the United States Government if they were of the communication, navigation, or detection type used in commercial, marine, or military installations. This bill in effect restores this old exemption but extends it to such equipment when sold to any purchaser. Thus, equipment which previously was free of tax when sold to the United States Government will, under the new provision, be free of tax whether or not sold to the United States Government. *The new exemption is not necessarily limited, however, to equipment previously exempt, since the type of equipment purchased by the United States Government will not necessarily be the same as that purchased by private industry.*" (Emphasis added.)

We agree with the trial court that this language clearly indicated an intent on the part of Congress to continue to ex-

empt radio receivers of the commercial, non-entertainment type and sought only a better way of describing such exempt equipment in technical language.

The judgment of the District Court is affirmed.