STATE OF NEBRASKA, APPELLEE, V. LESLIE FITZGERALD,
APPELLANT.
STATE OF NEBRASKA, APPELLEE, V. MICHAEL FINAZZO,
APPELLANT.

208 N. W. 2d 688

Filed June 29, 1973. Nos. 38849, 38850.

Paul E. Watts, J. Joseph McQuillan, and Bill Campbell, for appellants.

Clarence A. H. Meyer. Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

The defendants, when charged with a criminal offense, entered pleas of nolo contendere and were convicted. The records show there were plea bargains in each case resulting in the dismissal of other charges, the recommendations of comparatively light sentences, and promises not to file habitual criminal charges. Defendants were represented by counsel.

The sole assignment of error on appeal is that the pleas were coerced by threats of the prosecuting attorney to file habitual criminal charges. The records disclose that both defendants denied they had been subjected to threats or coercion and stated their pleas were entirely voluntary.

It is now well recognized that plea bargaining is an acceptable procedure and in these instances, the bar-

gaining results were fully disclosed to the court. The pleas were entered deliberately, with full knowledge of the facts, and after adequate consultation with counsel. In Ford v. United States, 418 F. 2d 855 (8th Cir., 1969), it is stated: "A threat to prosecute under state law where the facts warrant prosecution should not be considered as coercive or intimidating. To constitute fear and coercion on a plea 'Petitioner must show he was subjected to threats or promises of illegitimate action'; and fear of a greater sentence may induce a valid plea of guilty." To the same effect is State v. Reed, 187 Neb. 792, 194 N. W. 2d 179.

The appeals are without merit and the judgments of the District Court are affirmed.

AFFIRMED.