STATE OF NEBRASKA, APPELLEE, V. DONALD
ROBBINS, APPELLANT.

265 N. W. 2d 226

Filed April 26, 1978. No. 41793.

Anthony S. Troia of Troia Law Offices, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

Donald Robbins, defendant and appellant herein, was charged with receiving stolen property, a revolver, in violation of section 28-508, R. R. S. 1943. Pursuant to a plea bargain, the information was amended to charge unlawful possession of a firearm by a felon under section 28-1011.15, R. R. S. 1943. In addition, a charge against the defendant of unlawful possession of heroin in a companion case was dismissed by the county attorney. The defendant then pled guilty to the amended charge, and was sentenced to a term of imprisonment for not less than 1 and ½ years nor more than 5 years. He has now appealed to this court from his conviction and sentence, contending that his plea of guilty was not voluntarily and intelligently made. We affirm the judgment of the District Court.

At the arraignment defendant appeared with counsel and was advised of the charge against him and of the possible penalties which could be imposed upon conviction. Defendant stated that he understood the nature of the charge and the possible penalties, and that he had had sufficient time to discuss the case with his attorney. The defendant was advised of the rights he would be waiving by pleading guilty, and he stated that he understood such rights. The plea bargain was disclosed to the court, and defendant stated that, other than the plea bargain, no promises, threats, or inducements had been made to secure his plea of guilty. A factual basis for a plea of guilty was established. The defendant then pled guilty and stated that his plea was a voluntary one.

Defendant argues on appeal that his guilty plea was not voluntary because he was forced to enter it

under pressure due to the fact that a plea bargain was offered to him, and because he would have had to go to trial on two felony charges if he did not accept the plea bargain. He does not contend that he did not understand the nature of the charge, the possible penalties, and the effect of the plea of guilty, but simply argues that his plea was involuntary because it was the product of a plea bargain.

Similar arguments were made and rejected by this court in State v. Fitzgerald, 190 Neb. 436, 208 N. W.2d 688 (1973); and State v. Reed, 187 Neb. 792, 194 N. W. 2d 179 (1972). In those cases the defendants pled nolo contendere and guilty, respectively, pursuant to plea bargains to avoid habitual criminal charges, and subsequently argued that their pleas had been coerced. In rejecting their argument, we stated that a threat or promise of illegal action may invalidate a plea, but that a threat to prosecute when the facts warrant prosecution is not coercive such that a subsequent plea is involuntary. Implicit in our holdings was a rationale that pleas are not rendered involuntary simply because they are the product of plea bargaining.

The effect of plea bargains on the validity of guilty pleas was also recently discussed by the Supreme Court of the United States in Bordenkircher v. Hayes, 46 U. S. L. W. 4089 (1978). The court stated that "acceptance of the basic legitimacy of plea bargaining necessarily implies rejection of any notion that a guilty plea is involuntary in a constitutional sense simply because it is the end result of the bargaining process." The court noted that although confronting a defendant with the risk of more severe punishment clearly may have a discouraging effect on the assertion of his trial rights, the imposition of difficult choices is an inevitable and permissible attribute of any legitimate system which tolerates and encourages the negotiation of pleas.

In the present case the bargaining results were

fully disclosed to the trial court, and the plea was entered deliberately after adequate consultation with counsel. The record clearly shows that the defendant voluntarily and intelligently entered his plea with a full understanding of all choices available to him. There is no indication of prosecutorial misconduct or threats of illegitimate action. Therefore defendant's assignment of error is without merit. State v. Fitzgerald, *supra;* State v. Reed, *supra.*

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.