REQUESTED BY: Reed Clark, Hitchcock County Attorney, Courthouse, Trenton, Nebraska 69044.
1. Can a minor be found guilty of minor in possession, section 53-180.02, R.R.S. 1943, based solely on the presence of alcohol in the body fluids?
2. What are the limits of a county attorney's discretion in reaching a plea bargain in a given case?
1. No.
2. There are no direct limits, only indirect limits concerning the validity of guilty pleas resulting from improper plea bargaining.
This letter is in response to your request for two opinions from this office. Your first inquiry is whether a minor can be found guilty of minor in possession as per section53-180.02, R.R.S. 1943, based solely on alcohol being present in body fluids.
Section 53-180.02 provides in part, `No minor may sell or dispense or have in his possession or physical control any alcoholic liquo. . .' Note initially several principles of statutory construction. Common words are to be taken in their ordinary significance in the absence of an indication of a contrary intent, Ray Price, Inc. v. UnitedStates, 297 F. Supp. 55 (D.C. Neb. 1969); see also, Statev. One 1970 2-Door Sedan Rambler, 191 Neb. 462,215 N.W.2d 849 (1974); also, plain words of a statute together with the underlying purpose are the sources from which findings of law must be made. McMartin Industries v. Vinal,301 F. Supp. 749 (D.C. Neb. 1969), affirmed 441 F.2d 1274
(1969). The ordinary significance of the plain word `possession' and the underlying purpose of the statute suggests that the term `possession' was intended to connote in hand, dominion, and control type possession. Courts faced with this same question have concluded that `possession' does not encompass the presence of the prohibited substance in the body. In Nethercutt v. Commonwealth, 241 Ky. 47,43 S.W.2d 330 (1931), it was held that liquor within one's stomach does not constitute possession within the law prohibiting unlawful possession of intoxicating liquor. In a case involving a prosecution for the use or being under the influence of a narcotic drug, it was held that narcotics in one's system cannot be said to be in that person's possession. The language is clear.
 "Petitioner in the case at bar was convicted of being under the influence of narcotics. In other words, the narcotics were in his system. At this point the defendant was hardly in a position to traffic in the drug and can hardly be said to have possession which would give him such dominion and control as to include the power of disposition." Varga v. Rosenberg, 237 F. Supp. 282, 284 (D.C. S.D. Cal. 1964).
It appears then that the concept of dominion and control does not include the presence of a substance in one's system. Therefore, it is highly doubtful that `possession' as used in section 53-180.02 can be construed to encompass the presence of alcohol in one's system. Moreover, it is highly arguable whether alcohol in one's body fluids can be properly referred to as an `alcoholic liquor' as that phrase is commonly understood. For these reasons it is our opinion that evidence solely of alcohol in the body fluids of a person does not constitute `possession' of alcoholic liquor as contemplated by section 53-180.02.
You also asked what are the limits of a county attorney's discretion in reading a plea bargain in a given case. Section 23-1201, R.R.S. 1943, provides in part:
 "It shall be the duty of the county attorney, when in possession of sufficient evidence to warrant the belief that a person is guilty and can be convicted of a felony or misdemeanor, to prepare, sign, verify, and file the proper complaint against such person and to appear in the several courts of his county and prosecute the appropriate criminal proceedings. . . ."
By virtue of this statute, the county attorney must prosecute `appropriate criminal proceedings.' Just what is appropriate remains within the discretion of the county attorney. Prosecutorial discretion allows a county attorney to enter into virtually any plea bargaining agreement subject to few if any real constraints. It is well settled that the decisions of prosecuting attorneys to plea bargain are constitutionally valid absent invidious discrimination.Brown v. Parratt, 419 F. Supp. 44 (D.C. Neb. 1976)
There are however some constraints which go to the validity of a plea pursuant to a plea bargaining agreement. While a threat to prosecute does not invalidate a guilty plea on voluntariness grounds, a threat to prosecute where the facts do not warrant such a prosecution or the promise of illegal action will be deemed coercive enough to invalidate a guilty plea. State v. Reed, 187 Neb. 792,194 N.W.2d 179 (1972), State v. Fitzgerald, 190 Neb. 436,208 N.W.2d 688 (1973).