[No. 18320. Department Two. March 24, 1924.]

THE STATE OF WASHINGTON, *Respondent,* v. GLENN
JOHNSON, *Appellant.*[1]

INTOXICATING LIQUORS (30, 50)—OFFENSES—ILLEGAL POSSESSION—
STATUTES—EVIDENCE—SUFFICIENCY. Rem. Comp. Stat., § 7328, makes
it unlawful for any person other than a regularly ordained clergy-
man or priest to have in his possession any intoxicating liquor other
than alcohol, regardless of any purpose of unlawful sale or dis-
position.

SAME (30, 51)—ILLEGAL POSSESSION—INSTRUCTIONS. Where in-
toxicating liquor was placed with the understanding that defendant
was to receive it, he would be guilty of constructive possession
without taking actual occupancy; and if he placed his hands upon
it with the intent to use it, he would have actual possession of it.

Appeal from a judgment of the superior court for
Benton county, Truax, J., entered July 11, 1923, upon
a trial and conviction of the unlawful possession of
intoxicating liquor. Affirmed.

*M. M. Moulton* and *Andrew Brown,* for appellant.

*Geo. O. Beardsley* and *Campbell W. Bushnell,* for
respondent.

PEMBERTON, J.—The appellant was found guilty by
a jury of the crime of having intoxicating liquor in
his possession. From the judgment and sentence
rendered against him, this appeal is taken. Twenty-
one assignments of error are claimed.

The facts relied upon by the state to support the
verdict are as follows: The appellant, together with
two companions, Ehrke and Thornhill, at about 1:30
o'clock in the morning of June 3, 1923, was seen by a
deputy sheriff leaving the Commercial Cafe, in Kenne-
wick, Washington, carrying something to his automo-
bile enclosed in a paper sack. Soon thereafter the au-

[1]Reported in 224 Pac. 602.

tomobile was driven and stopped near the O. & W. depot. The deputy sheriff and the town marshal, following the automobile, arrived at this time and examined the paper sack, which was found to be empty. The appellant, with his companions, drove from the depot and the officers went back to the city, but soon returned to the depot, and at about two o'clock discovered a gallon jar and quart jar of liquor located between the right of way fence and the track near the depot. These officers remained in hiding for some time to see if some one would not come for the liquor. No one appearing, it was arranged for the night marshal to appear again on the public street, while the deputy sheriff was to remain in hiding. They moved the liquor from its location about one hundred feet along the right of way near a freight shed, and near this shed the deputy sheriff was hidden. The appellant and his companions continued to drive around through the town, watching to see when the officers would leave the vicinity of the depot.

Soon after the night marshal appeared on the street, the car of appellant proceeded to the depot. Alighting from the car, appellant crossed the railroad tracks, going directly to the exact spot where the liquor had originally been found. Not finding it, he proceeded along the right of way until he reached the liquor. He stooped over and placed his hands on the jugs in the act of picking them up, when the deputy sheriff ordered him to put up his hands. The appellant immediately undertook to destroy the jugs by kicking them. This occurred at about three o'clock in the morning. It is claimed by the appellant that, after leaving the cafe while driving near the depot, they saw a man carrying a container under his arm proceeding toward the O. W. depot. They drove to the south side of the depot, while the man carrying the container passed around to the

east. They believed that this container held liquor and it was their intention to find and drink portions of it. They did not desire to make the investigation while the officers were present, and as soon as they believed that the officers had left the vicinity of the depot they returned to secure the liquor.

Many of the assignments of error are upon the introduction of the testimony, others upon the refusal to grant a directed verdict and a new trial, and others upon the refusal to give or the giving of instructions to the jury.

The appellant complains that the court erred in giving instructions 4, 5 and 6, and in refusing to give the following instruction:

"You are instructed that before you can find the defendant guilty in this case you must find that the defendant had in his possession, as charged in the complaint, intoxicating liquor, other than alcohol, and that the same was held and kept by the defendant for the purpose of unlawful sale or disposition, and in this connection you are instructed that possession of such intoxicating liquor and proof of the possession thereof, would be *prima facie* evidence that said liquor was so held and kept by the defendant for purposes of unlawful sale or disposition. Such *prima facie* evidence, however, is subject to explanation or rebuttal by the defendant, and if you believe from the evidence in this case that the defendant did not have intoxicating liquor other than alcohol, in his possession as alleged in the complaint, and as defined in these instructions, for the purpose of unlawful sale or disposition thereof, then your verdict must be for the defendant."

It is the contention of appellant that the mere possession of intoxicating liquor does not constitute a crime. Laws of 1917, ch. 19, § 11, p. 60, provides:

"It shall be unlawful for any person other than a regularly ordained clergyman, priest or rabbi actually engaged in ministering to a religious congregation, to

receive from any common carrier or person engaged in the business of transporting goods, wares and merchandise, any intoxicating liquor other than alcohol and it shall be unlawful for any person other than a regularly ordained clergyman, priest or rabbi actually engaged in ministering to a religious congregation, to have in his possession any intoxicating liquor other than alcohol." (Rem. Comp. Stat., § 7328.)

It is claimed that the mere possession of intoxicating liquor is not an offense under this law, relying upon *State v. Jones,* 114 Wash. 144, 194 Pac. 585; *State v. Bachtold,* 106 Wash. 550, 180 Pac. 896; and *State v. Parent,* 123 Wash. 624, 212 Pac. 1061. It is contended that, upon these authorities, after the state proves possession, the defendant may then show that the possession was not for an unlawful purpose; that, under instruction number 6, the jury would be bound to convict if they found the defendant had possession of intoxicating liquor, without regard to whether it was held for an unlawful purpose or not.

Appellant insists: .

"Suppose 'A' should innocently undertake to purchase a container filled with any legal marketable liquid and suppose that such container were, without any knowledge on his part, filled with intoxicating liquor and he were found with it in his possession; under the strict letter of the statute he would be a 'person other than a regularly ordained clergyman, priest, or rabbi, actually engaged in ministering to a religious congregation having in his possession intoxicating liquor other than alcohol,' and according to the theory of the state and under instruction number six he would be guilty of a crime. The court can hardly so hold."

We can readily see that, under such a condition, a person would not be guilty of violating the law when he did not know that the liquid so received was intoxi-

cating liquor and had no intention to use intoxicating liquor. This is not the defense in this case, however. The jury was entitled to believe that the appellant knew that the jars in question contained intoxicating liquor; that he had either previously deposited the liquor there or arranged for another to deposit it there for him. He admits that it was his intention to drink this liquor. Under these facts, he certainly was guilty of having in his possession intoxicating liquor under the laws of this state. The statute does not only prohibit the sale of liquor, but it specifically prohibits the possession of intoxicating liquor. The language of the statute is clear, plain and unambiguous. The possession itself is a violation of the law. The court did not err in refusing to give requested instruction number 4 and in giving instructions 4, 5 and 6.

It is next insisted that the court erred in giving instruction number 9, as well as a supplemental instruction, and in denying appellant's motion for a directed verdict and motion for a new trial. The court told the jury that possession may be actual or constructive, following the case of *State v. Spillman,* 110 Wash. 662, 188 Pac. 915; *State v. Parent,* and *State v. Jones, supra.* It is contended that, under these decisions, actual possession involves two elements—individual occupancy of the thing and the right to dispose of it in any manner the possessor sees fit. Constructive possession consists of the legal title or ownership of the thing and the right to the immediate actual possession. It is contended that the appellant in this case had neither the actual nor the constructive possession. Had this liquor been placed there with the understanding that the appellant was to receive it, then he would be guilty of constructive possession without taking the actual occupancy. If the jury believed that he placed his hands upon it with the intention to use it they

could find that he had actual possession.   The instruction of the court complained of properly states the law.

The motion of arrest of judgment was based upon the theory that the crime of unlawful possession could not exist without the purpose of unlawful use or disposal being shown.   Unlawful possession of intoxicating liquor being an offense under the law, the motion was properly denied.

We find no error committed by the court upon the introduction of testimony.

The judgment is affirmed.

MAIN, C. J., MITCHELL, and BRIDGES, JJ., concur.