### Brooks and Minton v. Commonwealth.

(Decided January 20, 1925.)

### Appeal from Edmonson Circuit Court.

1.   Criminal Law—Evidence of Possession of Intoxicating Liquors Held Sufficient to Sustain Conviction as to One Person and Not as to Other.—In prosecution for possession of intoxicating liquor, evidence held sufficient to sustain conviction as to one defendant and not as to other.

2.   Intoxicating Liquors—One Drinking from Bottle of Liquor Belonging to Another Not Guilty of Illegal Possession.—Where one receives a bottle of liquor, takes a drink from it, and returns it to person from whom he receives it, he is not guilty of unlawful possession of liquor.

3.   Criminal Law—Questions as to Past Offenses of Accused Held Not to Constitute Reversible Error when Answered in Negative. —In prosecution for illegal possession of intoxicating liquor, questions tending to show past offenses by defendants in manufacturing or selling intoxicating liquor, to which they gave nega-

tive answers, while improper, were not so prejudicial as to constitute reversible error.

B. M. VINCENT and M. M. LOGAN for appellants.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming as to Brooks and reversing as to Minton.

The appellants, Asa Brooks and Claude Minton, were jointly indicted, tried and convicted in the Edmonson circuit court of the offense of unlawfully having in their possession intoxicating liquors, not for medicinal, mechanical, scientific or sacramental purposes, and the punishment of each fixed by verdict of a jury and judgment of the court at a fine of $100.00 and thirty days in jail.   Both have appealed.

It is urged that the judgment should be reversed as to each of them because of error alleged to have been committed by the trial court: (1) In overruling their joint and several motion for an instruction directing their acquittal by verdict of the jury; (2) in allowing incompetent evidence in behalf of the Commonwealth; (3) in improperly instructing the jury.

The first of these contentions rests upon the theory that the evidence of the Commonwealth wholly failed to prove the appellants or either of them guilty of the offense charged.   The evidence in behalf of the Commonwealth was furnished by the testimony of Mrs. Ella Webb, wife of Rufe Webb, and their son Oscar Webb. Mrs. Webb testified that the appellants, Asa Brooks and Claude Minton, together with John W. Brooks, came to her home and inquired for her husband, Rufe Webb, who entered the front room of the house, where they were immediately after their arrival, and upon meeting them asked the appellant, Asa Brooks, if he had a drink?   The latter answered "no," but at once further answered "I have," the last answer being immediately followed by his pulling out a bottle, which the witness supposed to be whiskey, and this bottle he handed to Rufe, who took a drink from it and returned it to Asa Brooks, whereupon the latter handed the bottle to Claude Minton, who drank from it and returned to him the bottle.   What thus transpired was seen and heard by the witness from the rear room through the door between the two rooms, which re-

mained open. She was unable to say whether John W.
Brooks was offered or took a drink from the bottle, as he
was standing behind the other men and where she could
not see him.

On cross-examination she admitted that she did not
smell the contents of the bottle from the room she was
in, but said it looked like white whiskey. She also ad-
mitted that if her husband was under the influence of
whiskey after drinking from the bottle, she could not tell
it as he was not in the house much during the day.

Oscar Webb, son of Ella and Rufe Webb, who was
admittedly present on the occasion in question, not only
fully corroborated his mother's testimony in every par-
ticular, but in addition gave other testimony of a more
positive and definite character with respect to the con-
tents of the bottle from which the parties drank and their
conduct after drinking therefrom, for he testified that
the bottle from which they drank did contain whiskey,
and asked whether or not his father and ''these other
fellows were under the influence of whiskey and drinking
at that time'' his answer was, ''Well, they were drinking
a little.''

The appellants, John W. Brooks and Rufe Webb, in
testifying, corroborated Mrs. Webb and her son as to the
occurrences at their home, except that they denied the
bottle from which the drinks were taken contained whis-
key, or that they were under the influence of whiskey, it
being claimed by them that the bottle contained only
water, in regard to which it was testified by the appel-
lants and John W. Brooks that, in crossing Green river
on their way to Webbs to get meal for making bread, they
found a vinegar bottle in the river which Asa Brooks filled
with water at Rube Webb's spring and carried to the
house for the purpose of inducing the latter to drink from
it believing it was whiskey.

It must be conceded that there was ample ground
for the jury to regard this explanation of the matter with
suspicion, and when its improbability is contrasted with
the positive and more probable testimony of Mrs. Webb
and her son, especially that of the son that the bottle
actually contained whiskey, and that the parties appeared
to be under the influence of whiskey after drinking its
contents, it is not surprising that the jury accepted the
testimony of the mother and son as truthful statements
of the facts. And when to this is added consideration of
the fact that upon his taking the drink in the bottle there

was no exhibition on the part of Rufe Webb manifesting anger or surprise tending to show that he was tricked, we are strongly inclined to the same conclusion that was arrived at by the jury. At any rate it was the province of the jury to determine the guilt or innocence of the appellants from the evidence as a whole, and as it cannot be said that the verdict, in so far as the appellant Asa Brooks is concerned, is without support from the evidence no cause is shown for distribing it.

We are, however, constrained to hold that the evidence does not support the verdict as to the appellant, Claude Minton, as it all conclusively shows that he was never in possession of the bottle or its contents, except for a moment when it was handed to him by Asa Brooks after Rube Webb had taken a drink from it, and that after he (Minton) drank from it he immediately returned it to Brooks, who kept it and had all the while previously kept and controlled it. In other words, the evidence wholly shows that Asa Brooks was all the time controlling and in the actual possession of the bottle and its contents. It has been announced in more than one opinion of this court that one who receives a bottle and after taking a drink therefrom returns it to the person from whom it is received, cannot be declared guilty of having the unlawful possession of intoxicating liquor in the meaning of any provision of the prohibition enforcement law. For in such case the possession of the liquor is deemed to be in and with the person carrying and controlling it and offering the drink, and its momentary possession by another for the sole purpose of taking an offered drink is not a violation of the statute. Skidmore v. Comth., 204 Ky. 451; Sizemore v. Comth., 202 Ky. 273.

The appellants' complaint of the introduction of incompetent evidence on the trial cannot be sustained. The only evidence of that sort is found in certain questions by which it was attempted to show past offenses on the part of the appellants embracing charges of manufacturing or selling intoxicating liquor, to all of which questions the appellants gave negative answers. The questions should not have been allowed, but they did not so prejudice the substantial rights of the appellants as to constitute reversible error.

The instructions seem to have fairly given the jury all the law of the case. The one mainly criticized by appellants' counsel might well have been omitted, but it could not have been prejudicial to the appellants.

For the reasons indicated the judgment is affirmed as to the appellant, Asa Brooks, and reversed as to the appellant, Claude Minton, with directions to the lower court to grant the latter a new trial.