# Nethercutt v. Commonwealth.

(Decided November 10, 1931.)

VINSON & MILLER and CARLTON COUNTS for appellant.

J. W. CAMMACK, Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

Jack Nethercutt was indicted in the Carter circuit court for the unlawful possession of intoxicating liquor; the indictment charging a former conviction for a similar offense. On trial he was found guilty, and his punishment fixed at confinement in the penitentiary for one year. He has appealed.

After producing evidence as to his former conviction for a similar offense, the commonwealth only established as showing guilt of the offense charged in the indictment that appellant was arrested on a charge of drunkenness and a bottle of rubbing alcohol was found in his possession; that he stated that he was drunk on some moonshine liquor which he had found.

It is not a violation of law to have in one's possession medicated alcohol which is prepared in such a way as to render it unfit for beverage purposes and which is to be sold for legitimate external use. Ky. Statutes, sec. 2554a-26, subsec. (h). It is not shown by the evidence that the whisky found by appellant was in his possession within the meaning of the statute under which he was indicted. The Attorney General very frankly admits that liquor in one's stomach does not constitute possession within the meaning of the law, and the court erred in overruling the motion for a directed verdict for defendant. In the light of the following cases, we agree with his conclusions: Brooks & Minton v. Commonwealth, 206 Ky. 720, 268 S. W. 339; Skidmore v. Commonwealth, 204 Ky. 451, 264 S. W. 1053; Sizemore v. Commonwealth, 202 Ky. 273, 259 S. W. 337.

For the reasons indicated, the judgment is reversed and the cause remanded to the lower court for a new trial and further proceedings consistent with this opinion.