**STATE of Minnesota, Respondent,**

v.

**Omar Lutfi ABU–SHANAB, Appellant.**

**No. C0–89–558.**

Court of Appeals of Minnesota.

Dec. 5, 1989.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Teresa Joppa, Asst. City Atty., City of Moorhead, Moorhead, for respondent.

Richard D. Varriano, Moorhead, for appellant.

Considered and decided by WOZNIAK, P.J., and SCHUMACHER and GARDEBRING, JJ., without oral argument.

GARDEBRING, Judge.

Appellant Omar Abu–Shanab was convicted of consumption of alcohol by a minor. He appeals contending the evidence was insufficient to establish he consumed alcohol in the State of Minnesota. We reverse.

## FACTS

At 4:00 a.m. on February 25, 1989, appellant was found by Moorhead Police Officer Christopher Carey asleep on the passenger side of a car parked in the Clay County Jail parking lot. Carey woke appellant, who woke the driver. While Carey spoke with the driver, Police Officer Bryce Forsythe detected a slight odor of alcohol on appellant's breath. Forsythe had appellant exit the car he was in and go to the back seat of Forsythe's squad car. Appellant did not have any problems in walking or in balance on the way to Forsythe's squad car.

Carey administered a preliminary breath test (PBT). The PBT indicated appellant had been drinking. Carey testified that while he was administering the PBT, he noticed that appellant's eyes were slightly bloodshot and glassy and that he detected a slight odor of alcohol on appellant's breath.

At the conclusion of the state's case, the defense moved for a directed judgment of acquittal for failure of the state to prove beyond a reasonable doubt that the consumption took place in the City of Moorhead or in Clay County, Minnesota. The trial court denied the motion, noting the difficulty of dealing with this offense in a border community. The trial court found appellant guilty of consumption of alcohol by a minor. Minn.Stat. § 340A.503 (1988). The trial court then sentenced appellant and stayed the sentence pending appeal.

## ISSUE

Is the evidence sufficient to sustain the conviction?

## ANALYSIS

The statute under which appellant was convicted reads:

**340A.503. PERSONS UNDER 21; ILLEGAL ACTS.**

Subdivision 1. Consumption. It is unlawful for any:

\*      \*      \*      \*      \*      \*

(2) person under the age of 21 years to consume any alcoholic beverages unless in the household of the person's parent

or guardian and with the consent of the parent or guardian.

Minn.Stat. § 340A.503, subd. 1(2) (1988).

In a criminal prosecution, the state must prove each element of the crime charged beyond a reasonable doubt. *Sandstrom v. Montana,* 442 U.S. 510, 512, 99 S.Ct. 2450, 2453, 61 L.Ed.2d 39 (1979). Proper venue is required by article III, § 2 and the sixth amendment of the United States Constitution. *United States v. Moeckly,* 769 F.2d 453, 460 (8th Cir.1985), *cert. denied,* 476 U.S. 1104, 106 S.Ct. 1947, 90 L.Ed.2d 357 (1986). In addition, Minn.R.Crim.P. 24.01 requires that the case be tried "in the county where the offense was committed." *Id.; see also* Minn.Stat. § 627.01, subd. 1 (1988).

To establish a violation of Minn.Stat. § 340A.503, the state must establish: (1) the person charged is under 21 years of age; (2) the person charged consumed alcoholic beverages; (3) such consumption was not in the household of the person's parent or guardian with the consent of the parent or guardian; and (4) such consumption occurred in the county in which venue is alleged to lie. Failure to establish any of these elements will defeat a conviction.

There was testimony by the arresting officer that appellant's identification showed him to be 20 years old. In addition, there was evidence of an odor of an alcoholic beverage on appellant's breath. There was, however, no evidence as to whether appellant had been drinking in Clay County, Minnesota, or in any other Minnesota county.

The state argues that this court should treat a violation of section 340A.503 as a continuing offense because as long as alcohol remains in the system of a minor, the minor continues to "consume" alcohol, in violation of the statute.

A contention that a particular crime is a continuing offense most commonly arises in response to a statute of limitations defense. *See, e.g., Von Eichelberger v. United States,* 252 F.2d 184 (9th Cir.1958) (possession of firearms transferred in violation of Internal Revenue Code is a continuing offense; act of possessing separate from act of transferring); *United States v.*

*Franklin,* 188 F.2d 182 (7th Cir.1951) (failure to register in compliance with Alien Registration Act a continuing offense, since Act requires that alien be properly registered); *United States v. Fleetwood,* 489 F.Supp. 129 (D.Oregon 1980) (offense involving illegal possession of property a continuing offense); *State v. Lawrence,* 312 N.W.2d 251 (Minn.1981) (concealing or possessing stolen goods is a continuing offense, since goods remain stolen).

These cases suggest that in a "continuing offense" the status of a person or object, rather than the occurrence of a single, time-limited act, determines whether a crime has been or is being committed. A continuing offense is one which can be committed over an extended period of time. It is the nature of the crime itself which distinguishes a "continuing" offense from one which may be said to be "completed," such as an assault.

■ The argument that consumption of alcohol by a minor is a continuing offense was rejected by the Supreme Court of Washington. *See State v. Hornaday,* 105 Wash.2d 120, 713 P.2d 71 (1986). The Utah Court of Appeals has rejected a similar argument. *State v. Sorenson,* 758 P.2d 466 (Utah Ct.App.1988).

Minn.Stat. § 340A.503 makes it illegal for a minor, with certain statutory exceptions, to consume alcohol. The term "consume" is defined as follows:

> To destroy or to bring to utter ruin; to destroy the substance of, especially by fire; to destroy by eating, devouring and annihilating the form of a substance; to destroy, to use up, to expend; to waste or burn away; to perish; to spend wastefully, or to use up, expend, waste, devour, or exhaust. The word "consume" is also defined to mean * * * to eat or drink up (food); devour.

16D C.J.S. *Consume* 711–12 (1985) (footnotes omitted). We agree with the Washington court that "consume," in the context of alcoholic beverages, means to drink, and that once drunk, alcohol is no longer being consumed. *See Hornaday,* 105 Wash.2d at 128, 713 P.2d at 76.

In the present case, the arresting officer did not see appellant drink any alcoholic beverage in Clay County, Minnesota. There was no evidence that appellant did so. The state failed to establish that an offense took place in Clay County, Minnesota. Appellant's conviction must, therefore, be reversed.

## DECISION

The evidence does not sustain a crucial element of the state's case, and therefore is not sufficient to sustain the conviction.

Reversed.