[Nos. 56339-0, 56675-5.   En Banc.   June 6, 1991.]

THE STATE OF WASHINGTON, *Petitioner,* v. HIEU NHU TRUONG, ET AL, *Respondents.*

THE STATE OF WASHINGTON, *Petitioner*, v. DAWN MARIE BUCK, ET AL, *Respondents*.

64

*C.C. Bridgewater, Prosecuting Attorney,* and *David R. Koss, Chief Civil Deputy,* for petitioner.

*John A. Hays,* for respondents.

SMITH, J. — The State of Washington seeks review of a decision by the Cowlitz County Superior Court which affirmed a declaration by the Cowlitz County District Court that Cowlitz County Code 10.13.010, which prohibits minors from appearing in a public place after consuming intoxicating liquor, is unconstitutional. We affirm the results reached by the Cowlitz County Superior Court and the Cowlitz County District Court and hold the ordinance unconstitutional.

Thirteen cases are consolidated here for review.[1] The State charged each defendant with violating Cowlitz County Code (CCC) 10.40.020, the so-called "appearing after consuming" ordinance, which provides:

Offense. A. It is unlawful for any person under the age of twenty-one years to appear on the public streets or roadways, or in any motor vehicle on a public street or roadway, or in any public place within the unincorporated areas of the County after having consumed intoxicating liquor,[2] regardless of where consumption may have occurred; provided, that

---

[1]The named defendants (Hieu Nhu Truong, Tracy Adirim, Karl L. Chappelle, Toni D. Chick, Tonya E. French, Connie Gihuly, Jody M. Green, Marc W. Johnson, Scott L. Juntunen, Jeffrey E. Mitchell, and Loi H. Nguyen) were issued citations on August 7, 1988, at the same time and place. Dawn Marie Buck and Tami Lynn Buck were issued citations on May 25, 1988. The record makes no reference to facts relating to any defendant other than Hieu Nhu Truong, who stipulated to facts sufficient to support a conviction.

[2]"Liquor" is defined in Cowlitz County Code 10.40.010(A) and in language substantially similar to that of RCW 66.04.010(15):

" 'Liquor' includes the four varieties of liquor herein defined (alcohol, spirits, wine and beer), and all fermented, spirituous, vinous, or malt liquor, or combinations thereof, and mixed liquor, a part of which is fermented, spirituous, vinous or malt liquor, or otherwise intoxicating; and every liquid or solid or semisolid or other substance, patented or not, containing alcohol, spirits, wine or beer, and all drinks or drinkable liquids and all preparations or mixtures capable of human consumption, and any liquid, semisolid, solid, or other substance, which contains more than one percent of alcohol by weight shall be conclusively deemed to be intoxicating. Liquor does not include confections or food products that contain one percent or less of alcohol by weight."

at the time of the appearance as aforesaid, evidence exists as to the consumption of intoxicating liquor.

B. For the purposes of this section, the presence of the odor of intoxicating liquor, beer or wine on the breath of any person under the age of twenty-one years shall be prima facie evidence of consumption of intoxicating liquor. This provision shall not be construed as limiting the introduction of any other competent evidence of the consumption of intoxicating liquor in violation of this section.

C. It is an affirmative defense to be proven by the defendant by a preponderance of the evidence that the intoxicating liquor consumed by the defendant was given to the defendant by his parent or guardian and consumed in the presence of the parent or guardian, or given for medicinal purposes by a parent, guardian, physician, or dentist, or was consumed in connection with a religious service and the amount consumed was the minimal amount necessary for the religious service.

The Honorable Robert R. Altenhof, Cowlitz County District Court, declared the ordinance unconstitutional and dismissed all charges before trial. The court ruled that the ordinance is in conflict with RCW 66.44.270 and RCW 70.96A.190 and therefore exceeds the police power granted counties by Const. art. 11, § 11.

On appeal, the Cowlitz County Superior Court, the Honorable Alan R. Hallowell, affirmed the district court ruling on a different basis. He concluded that CCC 10.40-.020 and RCW 66.44.270 proscribe the same conduct, and that the ordinance is unconstitutional because different penalties are prescribed. The Superior Court found no conflict between CCC 10.40.020 and RCW 70.96A.190.

We granted discretionary review upon petition by the State of Washington.

The State assigned the following errors:

1. The Superior Court erred in entering its June 29, 1989, and November 9, 1989, judgments affirming the District Court's dismissal of criminal charges filed against respondents under Cowlitz County Code 10.40.

2. The Superior Court erred in holding that Cowlitz County Code 10.40, on its face, conflicts with RCW 66.44.270 and therefore violates article 11, section 11 of the Washington State Constitution.

3. The Superior Court erred in holding that Cowlitz County Code 10.40 prohibits the same conduct as RCW 66.44.270.

The issues presented by this case are whether CCC 10.40.020:

1. Conflicts with RCW 70.96A.190;

2. Conflicts with RCW 66.44.270;

3. Is an unreasonable exercise of police power; or

4. Violates due process protections because of vagueness.

If any of these is answered "yes", the ordinance is unconstitutional.

Among other reasons given by the Cowlitz County District Court for declaring CCC 10.40.020 unconstitutional, the court determined that the ordinance conflicted with RCW 70.96A.190.

RCW 70.96A.190 provides in its entirety:

> **Criminal laws limitations.** (1) No county, municipality, or other political subdivision may adopt or enforce a local law, ordinance, resolution, or rule having the force of law that includes drinking, being an alcoholic or drug addict, or being found in an intoxicated condition as one of the elements of the offense giving rise to a criminal or civil penalty or sanction.
>
> (2) No county, municipality, or other political subdivision may interpret or apply any law of general application to circumvent the provision of subsection (1) of this section.
>
> (3) Nothing in this chapter affects any law, ordinance, resolution, or rule against drunken driving, driving under the influence of alcohol or other psychoactive chemicals, or other similar offense involving the operation of a vehicle, aircraft, boat, machinery, or other equipment, *or regarding the sale, purchase, dispensing, possessing, or use of alcoholic beverages or other psychoactive chemicals at stated times and places or by a particular class of persons*; nor shall evidence of intoxication affect, other than as a defense, the application of any law, ordinance, resolution, or rule to conduct otherwise establishing the elements of an offense.

(Italics ours.)

The State does not argue that CCC 10.40.020 does not fall within the general preemption of RCW 70.96A.190(1). It instead argues that:

> Cowlitz County's ordinance is not the kind of local regulation RCW 70.96A intends to preempt. This is clear from subsection (3), which specifically authorizes ordinances "regarding the . . . use of alcoholic beverages . . . by a particular class of persons." Cowlitz County Code 10.40[.020] . . . deals with [minors'] *illegal use* of alcoholic beverages.

The State, seeking to avoid state preemption of CCC 10.40.020 by bringing the ordinance within one of the exceptions provided in RCW 70.96A.190(3), characterizes the County's prohibition of "appearing after consuming" as an "ordinance . . . regarding the . . . [illegal] use of alcoholic beverages . . . by a particular class of persons." However, this characterization is not correct.

■ ■ In *State v. Hornaday*,[3] this court declared that "[o]nce [alcohol] is within a person's system, the power of a person to control, possess, use or dispose of it is at an end." Thus, appearing in public after consuming alcohol is not the "use of alcoholic beverages" which the Legislature permits counties to regulate under RCW 70.96A.190(3).

We conclude that Cowlitz County Code 10.40.020 is in conflict with RCW 70.96A.190 which preempts regulation of alcoholic beverage subject matter with certain exceptions. The State has not shown that CCC 10.40.020 falls within any of those exceptions. The ordinance is therefore unconstitutional because it exceeds the authority granted counties by Const. art. 11, § 11.[4] The District Court did not err in declaring the ordinance unconstitutional on this basis.

Because of our determination that the ordinance is unconstitutional, it is not necessary for us to address the issue raised by the Superior Court whether CCC 10.40.020 is unconstitutional as proscribing the same behavior as

---

[3]105 Wn.2d 120, 126, 713 P.2d 71 (1986) (minor does not "possess" alcohol merely because it is in the minor's bloodstream).

[4]Article 11, section 11 of the Washington State Constitution provides:

"**POLICE AND SANITARY REGULATIONS.** Any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws."

RCW 66.44.270. Similarly, it is not necessary for this court to address the issues of reasonableness and vagueness which were raised by the parties.

We declare unconstitutional Cowlitz County Code 10.40-.020, which prohibits minors from appearing in a public place after consuming intoxicating liquor, because it conflicts with RCW 70.96A.190.

We affirm the results reached by the Cowlitz County Superior Court and the Cowlitz County District Court.

DORE, C.J., UTTER, DOLLIVER, ANDERSEN, and GUY, JJ., and CALLOW, J. Pro Tem., concur.

BRACHTENBACH, J. (dissenting) — The majority holds unconstitutional a county ordinance which prohibits minors who have consumed intoxicating liquor from appearing on public streets or in public places while there is objective evidence of consumption.

The majority errs on two critical points. First, the one and only case cited by the majority, *State v. Hornaday*, 105 Wn.2d 120, 713 P.2d 71 (1986), is not on point because it concerned a totally different statutory violation and involved a legal concept not even present here. The majority's rationale fails totally when *Hornaday* is confined to what it actually held.

Second, the majority ignores the fact that the statute, which it holds precludes the county ordinance, is part of the Uniform Alcoholism and Intoxication *Treatment* Act (Act).[5] (Italics mine.) The purpose and policy of that Act are wholly inconsistent with the majority's rationale and result. RCW 70.96A.010, .900.

---

[5]Laws of 1972, 1st Ex. Sess., ch. 122 (RCW 70.96A). This statute has been amended by Laws of 1989, ch. 270, 271. Since the events which led to this appeal occurred in *1988*, however, these amendments do not apply in this case. The majority is therefore incorrect in relying on the Act as amended. See majority, at 67-68. All references to RCW 70.96A will hereinafter be to the 1972 enactment.

The majority holds that the state alcoholism *treatment* statute, RCW 70.96A.190, preempts the subject of minors and their public appearance after consumption of alcoholic beverages. Thus, it reasons the county ordinance concerns a matter reserved entirely to the State. I repeat that there is no case law which justifies this result.

Resolution of the narrow issue thus presented depends upon an analysis of what the statute removes from local law, or alternatively, what local laws the statute permits local governments to enact. The next step is to determine whether the county ordinance falls within the authority granted to local government.

The relevant prohibition against local laws is as follows: "No county . . . may adopt . . . a local law, [or] ordinance . . . that includes drinking . . . as one of the elements of the offense . . .." RCW 70.96A.190(1).

If the statute stopped with that prohibitory language clearly the ordinance in question would be prohibited. However, the statute then *grants* broad and extensive authority to enact local laws. In relevant part, authority is granted as follows: "Nothing in this chapter affects any . . . ordinance . . . regarding the [(a)] sale, [(b)] purchase, [(c)] dispensing, [(d)] possessing, or [(e)] use of alcoholic beverages at stated times and places or by a particular class of persons . . .." RCW 70.96A.190(3).

It is important to note that the statute does *not* authorize "a drunk in public" local law. As will be shown, it is that type of statute or ordinance which RCW 70.96A (the treatment act) was intended to replace. Rather, the local laws must be restricted in their regulation to "stated times and places or . . . a particular class of persons". RCW 70.96A.190(3). This ordinance is precisely so limited to a particular class of persons, *i.e.*, minors who have consumed alcohol, and to a stated place, *i.e.*, public streets or public places. Without question, local legislation restricted to

minors appearing in public streets or places falls within the authorization of RCW 70.96A.190(3).

The only remaining question is whether the grant of authority to promulgate local laws found in RCW 70-.96A.190(3) allows prohibition of the activity here involved. We need to put that question in context. The statute authorizes local legislation which (1) prohibits the sale of liquor to minors, (2) prohibits the purchase of liquor by minors, (3) prohibits the dispensing of liquor to minors, (4) prohibits the possession of liquor by minors, and (5) prohibits the use of liquor by minors in public places. RCW 70.96A.190(3).

The result of the majority is that a county can prohibit sale to minors, it can prohibit purchase by minors, it can prohibit serving to minors, it can prohibit possession by minors, but it cannot prohibit the ultimate harm when the minor drinks the liquor. The majority essentially tells minors: "You can't buy it, you can't be served it, you can't have it in your possession, but it's O.K. to drink it and then go out into the public streets or other public places." Some logic, some law.

The statute *does* authorize and permit this ordinance because it allows local laws, such as this one, which regulate the *use* of alcoholic beverages. As noted, such local law must be restricted to a stated place, as this ordinance is, *or* to a particular class of persons, as this ordinance is.

The sole reason given by the majority for its holding is contained in a single sentence: "Thus, appearing in public after consuming alcohol is not the 'use of alcoholic beverages' which the Legislature permits counties to regulate under RCW 70.96A.190(3)." Majority, at 68. The majority, to reach that conclusion, and *it is only a conclusion without rationale*, does not consider the meaning of the word "use", it does not consider the declared policy of RCW 70.96A, and it never examines legislative intent.

Instead of making an analysis, the majority quotes a single sentence from *State v. Hornaday, supra*. Majority, at 68. *Hornaday* concerned POSSESSION of liquor. This case concerns USE of liquor. The very technical legal issue of *possession* in *Hornaday* has nothing to do with the issue here. *Hornaday* interpreted a statute concerning a minor in *possession* of liquor in an officer's presence. RCW 66.44.270. The court held that a minor who had already drunk the alcohol, out of the officer's presence, was not in "possession" of alcohol as contemplated by RCW 66.44.270. The court reasoned that the minor who had consumed the alcohol no longer had control over the alcohol, and control over the alcohol was necessary to constitute the technical, legal concept of possession. The sentence quoted by the majority does contain the word "use", but it is not pertinent here for two reasons. First, that concept, *i.e.*, "use" was not an issue in *Hornaday*, and second, in context, the court meant that the minor who had drunk the liquor could not control it, dispose of it or make use of it, *i.e.*, as to drink it. Obviously the word "use" was employed as a verb, *i.e.*, "to avail oneself of" or "to consume or take (as liquor or drugs)". In the statute here the word "use" is employed as a noun, *i.e.*, "the fact or state of being used". *Webster's Third New International Dictionary* 2522 (1981).

Thus, the only case cited by the majority as the reason for its holding is no authority at all. The single sentence from *Hornaday*, quoted by the majority, is not remotely relevant to the issue here.

To repeat, the only relevant word in the statute is "use". The statute specifically permits an ordinance regarding "use" of alcoholic beverages by a particular class of persons (minors). The majority never analyzes or defines "use". As shown, the common dictionary definition of "use" is "the fact or state of being used". It seems unassailable that the minor who appears in public with objective evidence of consumption of liquor represents "use" of that liquor in the defini-

tional sense of the fact of or state of the liquor being used. That is precisely what is not preempted.

There is a second compelling and persuasive reason why the statute can and should be interpreted to authorize the ordinance in question. When one considers the statute as a whole, and other statutes relating to minors and alcoholic beverages, it becomes clear that the Legislature intended to grant local governments the authority to enact local laws such as this county ordinance.

The majority does not consider the statute as a whole nor does it discuss any reason why there should be state preemption. However, when discussing preemption, it is appropriate to consider the statutory scheme and purpose for which the Legislature claimed exclusive jurisdiction; this analysis is necessary to discern the extent to which the State ousted local authority. When approached in this fashion, it becomes clear that there is no reason to hold the state statute preempts this ordinance.

What did the Legislature intend the statute, RCW 70.96A, to accomplish? First, we note that RCW 70.96A is the "Uniform Alcoholism and Intoxication *Treatment* Act." (Italics mine.) RCW 70.96A.900. Second, the Legislature declared what policy it was attempting to carry out:

> It is the policy of this state that alcoholics and intoxicated persons may not be subjected to criminal prosecution *solely* because of their consumption of alcoholic beverages but rather should be afforded a continuum of treatment in order that they may lead normal lives as productive members of society.

(Italics mine.) RCW 70.96A.010.

It is essential to note that the policy is directed at alcoholics and intoxicated persons who are not to be subjected to criminal prosecution *solely* because of their consumption. Those persons are defined by RCW 70.96A.020(1) and (9). A minor who has consumed alcohol, the one subject to the county ordinance, does not necessarily fall within either definition. Second, the emphasis is upon treatment for those

who are defined as being within the Act. RCW 70.96A.110, .120.

What the Legislature preempted by RCW 70.96A.190 were local laws which would conflict with the decriminalization of intoxication and being an alcoholic where the offense consisted *solely* of the consumption of alcoholic beverages. That is the exact language of RCW 70.96A.010.

Clearly the Legislature did not preempt *all* offenses concerning alcoholic beverages. Instead it limited local governments by identifying the activity (sale, purchase, dispensing, possession or use) which could be regulated, but added a greater restriction as to where those activities could be regulated (at stated times and places) and who could be regulated (a particular class of persons). RCW 70.96A-.190(3).

It follows that a local government could not make it a crime for any person to be intoxicated anywhere within its jurisdiction. Such law would conflict with the purpose of the Act and would not be limited to stated times and places, or to a particular class of persons. However, it is equally clear that the statute permits regulation of, for example, possession or use of alcoholic beverages in public parks. RCW 70.96A.190(3).

In this case, following the above analysis, the County was authorized to prohibit use of alcoholic beverages by a particular class of persons, *i.e.*, minors, on public streets or in public places. When "use" is appropriately defined, as discussed above, and when the purpose of preemption understood, it becomes evident that not only is this ordinance authorized by the exception to preemption, but it is consistent with and complementary to the *treatment* act, RCW 70.96A.

Finally, the Legislature has given special attention to minors and intoxicating liquor. It has declared that intoxicated persons and alcoholics — in general — are not subject to criminal prosecution solely because of their consumption of alcoholic beverages. RCW 70.96A.010. Nonetheless, the Legislature has made it unlawful for minors to even possess, much less consume any liquor. RCW 66.44.270. There

are very limited exceptions to this prohibition as provided in RCW 66.44.270(3), (4), (5). Interestingly, those same exceptions are contained in Cowlitz County ordinance 10.40-.020(C).

This special legislative attention to minors and making unlawful their acquisition, possession and consumption of alcohol has carried over *after* enactment in 1972 of the Uniform Alcoholism and Intoxication Treatment Act. RCW 66.44.270, confined specifically to minors, was revised and amended in 1987, 15 years after enactment of the Act, but it continued the law essentially as it existed *prior* to the 1972 Act. Laws of 1987, ch. 458, § 3. In other words, the penal nature of a minor's violation of the statute was intended to continue despite the enactment of RCW 70.96A. This is consistent with the comment to section 19 of the proposed Act. Section 19 is identical to RCW 70.96A.190. The Comment states "therefore, States would be expected to repeal all the relevant portions of their criminal statutes under which drunkenness is the gravamen of the offense with the exception of (c) [RCW 70.96A.190(3)]". Uniform Alcoholism and Intoxication Treatment Act § 19 comment (1971).

Thus, it should be held that the Cowlitz County ordinance at issue is authorized by RCW 70.96A.190(3) and, therefore, not unconstitutional. This is what the Superior Court held on the appeal from district court.

If the ordinance is constitutional because it is not pre-empted by RCW 70.96A, we must consider the defendant's argument that the ordinance conflicts with RCW 66.44.270.

The trial court held that the ordinance was invalid because it prohibits conduct identical to that prohibited by RCW 66.44.270, but provides different penalties.

I first note that RCW 66.08.120 prohibits local governments from licensing or taxing certain activities connected with liquor, but has a proviso authorizing municipalities and counties to adopt police ordinances and regulations not in conflict with RCW Title 66. Again we find — not preemption — but a grant of authority.

The trial court erred in holding that the ordinance concerned conduct identical to that regulated in RCW 66.44.270. The statute relates to acquisition, possession and consumption. The ordinance is concerned with what takes place *after* the minor consumes liquor. An impermissible conflict does not exist unless the two laws cannot coexist. The ordinance does not permit what the Legislature has forbidden nor does it forbid what the Legislature has authorized. *Seattle v. Eze*, 111 Wn.2d 22, 33, 759 P.2d 366 (1988). The ordinance does not conflict with RCW 66.44.270.

There is a difference in penalties provided by the statute and the ordinance in that the first-time offender can receive a greater fine and jail sentence under the ordinance, but a second offense is more harshly penalized under the statute than under the ordinance. RCW 66.44.180; Cowlitz County Ordinance 10.40. This difference between penalties is of no consequence here because the ordinance is punishing conduct not within the statute. However, even if they both concerned the same conduct, a greater penalty under local law does not void the ordinance. Such local law can be enforced to the *statutory* limits if the court believes, as I do here, that the local authority would have enacted the law knowing of the lesser penalty. *Bellingham v. Schampera*, 57 Wn.2d 106, 118, 356 P.2d 292, 92 A.L.R.2d 192 (1960).

The challenges of vagueness and what defendants describe as the ordinance being unreasonable are without merit. The statute gives fair notice of what is prohibited, *i.e.*, if you are a minor and have consumed liquor and there is objective evidence of that consumption, you are not to appear on a public street or in public places. Clearly the ordinance is reasonably related to the State's interest of prohibiting minors from drinking alcoholic beverages.

I would reverse and remand for trial.

DURHAM, J., concurs with BRACHTENBACH, J.